IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KATHLEEN LEININGER, | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 5:20-cv-1467 |
| MARRIOTT INTERNATIONAL INC., | § § § | |
| Defendant. | § § | |

### DEFENDANT MARRIOTT INTERNATIONAL, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Sections 1331, 1441, and 1446, Defendant Marriott International, Inc. ("Defendant") files this Notice of Removal, giving notice that it is removing this civil action to the United States District Court for the Western District of Texas, San Antonio Division, based on diversity jurisdiction. In support of this Notice of Removal, Defendant shows as follows:

### I. PROCEDURAL BACKGROUND

On August 18, 2020, Plaintiff Kathleen Leininger ("Plaintiff") filed this civil action, Cause No. 2020CI22598, in the 37th Judicial District of Bexar County, Texas, styled *Kathleen Leininger v. Marriott International Inc.* *See* Ex. 1, Plaintiff's Original Petition. Plaintiff demanded a jury trial.

On November 25, 2020, Defendant was served with Plaintiff's Original Petition. *See* Ex. 2, Citation and Return of Service. True and correct copies of all process, pleadings, orders served upon Defendant are attached and incorporated herein by reference as Exhibits 1 through 3. Defendant is the only party sued and served with Plaintiff's Original Petition. Therefore, all Defendants named and served have consented to removal.

In this lawsuit, Plaintiff alleges that Defendant violated the Tex. Labor Code Chapter 21, including §§ 21.051, 21.055. Plaintiff seeks monetary relief in an amount described as "$100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, as well as non-monetary relief." *See* Ex. 1 at 1-2, ¶ 2. Plaintiff expressly "reserves the right to amend this statement to conform with the evidence." *Id*., at 2, ¶ 2.

On December 21, 2020, Defendant filed its answer in state court. *See* Ex. 3, Defendant's Answer to Plaintiff's Original Petition. Defendant now removes this action to this Court based on both diversity and federal question jurisdiction.

## II. DIVERSITY JURISDICTION IS PROPER

This Court has diversity jurisdiction over Plaintiff's state law claim that Defendant violated the Texas Commission on Human Rights Act ("TCHRA"). Diversity jurisdiction exists in a civil matter when (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) the dispute is between citizens of different states. Both requirements are met in this case. *See* 28 U.S.C. § 1332.

**A.     The Amount in Controversy Exceeds $75,000**

Plaintiff states in her Original Petition that she seeks damages of "$100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, as well as non-monetary relief." *See* Ex. 1 at 1-2, ¶ 2. Importantly, Plaintiff expressly "reserves the right to amend this statement to conform with the evidence." *Id*., at 2, ¶ 2. Plaintiff's express pleading regarding attorneys' fees states that she seeks "all reasonable and necessary attorney fees and costs arising out of or relating to the perpetration and prosecution of this dispute." *See* Ex. 1, at 5, ¶ 21.

When analyzing the amount in controversy, courts presume that the plaintiff prevails in all

of her claims. *See*, *e.g.*, *Fields v. Keith*, 2000 WL 748152, at *6 (N.D. Tex. 2000). Federal courts ordinarily determine the amount in controversy based on the specific "good faith" sum demanded by the plaintiff in her state court petition. *See* 28 U.S.C. § 1446(c)(2). "[T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). This requirement can be satisfied if the defendant shows that "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir.1990).

Once a defendant shows that the amount in controversy more likely than not exceeds the jurisdictional amount, "the plaintiff must be able to show that, as a matter of law, it is certain that [the plaintiff] will not be able to recover more than the damages for which [she] has prayed in the state court complaint." *De Aguilar*, 47 F.3d at 1411. The Fifth Circuit has suggested that a plaintiff may meet this obligation by citing a state law that prohibits recovery of damages in excess of those sought in the petition. Id. at 1412. Absent such a statute, however, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints[.]" *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam).

Defendant respectfully submits that Leininger's Original Petition makes plain that, if she prevails, the amount "in controversy" far exceeds $75,000. Initially, her pleading (which is subject

to amendment), references a maximum of $100,000, which itself demonstrates that more than $75,000 is in controversy. And, far from stipulating or otherwise binding herself to any ceiling as to her damages, Leininger instead expressly holds open the right "right to amend this statement [of maximum damages] *to conform with the evidence.*" *See* Ex. 1 at 2, ¶ 2 (emphasis added).

Leininger further requests "at least" the following elements of damages:

a. Law[1] [sic] wages, past and future;
b. Mental anguish, and emotional distress suffered in the past [sic]
c. Mental anguish, and emotional distress which, in all reasonable probability, will be suffered in the future;
d. Punitive Damages [sic]
e. Reasonable attorneys' fees, expert fees, and costs; and
f. Based upon the above enumerated damages, the plaintiff pleads for actual damages for the above damage elements in an amount the jury deems reasonable.

*See* Ex. 1, at 5, ¶ 22(a-f).

Furthermore, Chapter 21 permits recovery of up to $300,000 in compensatory and punitive damages, in addition to attorney's fees. These realities, alone, make clear that more than $75,000 is "in controversy" by virtue of Leininger's pleadings. Indeed, as the court noted in *Decker v. Fujicolor Processing, Inc.*, 1998 WL 160038, at *2, fn 5 (N.D. TX 1998), "because [plaintiff's] mental anguish, emotional distress, lost earnings capacity, and punitive damages claims potentially involve a substantial amount of damages, *it is possible that any one of those claims could exceed $75,000.*" *Id.* (citing *Allen v. R & H Oil & Gas Company,* 63 F.3d 1326, 1336 (5th Cir.1995) (punitive damages claim made jurisdictional minimum facially apparent); *Johnson v. Dillard Dept. Stores, Inc.*, 836 F.Supp. 390, 394 (N.D.Tex.1993) (facially apparent that mental anguish and personal injury claims exceeded the jurisdictional minimum.) (emphasis added).

The amount in controversy thus exceeds $75,000.00, satisfying the first prong of diversity

---

[1] Presumably "lost" wages.

jurisdiction. *See* 28 U.S.C. § 1332(a).

**B.     This Dispute is between Citizens of Different States**

Per her Original Petition, Leininger "lives in Bexar County, Texas." *See* Ex. 1 at ¶ 6. She is therefore a citizen of Texas.

For the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). As Leininger correctly points out in her Original Petition, Defendant is a Delaware Corporation. *See* Ex. 1 at ¶ 7. Meanwhile, Marriott's corporate headquarters are located in Bethesda, Maryland,[2] making Defendant a citizen of the States of Delaware and Maryland.

Because Plaintiff is a citizen of Texas, and Defendant is a citizen of Delaware and Maryland, this civil action is a matter between citizens of different states, and the parties' citizenship is diverse within the meaning of 28 U.S.C. § 1332(a)(1).

### III. PROCEDURAL ALLEGATIONS

The Western District of Texas, San Antonio Division is the federal district and division that embraces the 37th Judicial District of Bexar County, Texas. *See* 28 U.S.C. § 124(d)(3). This Notice of Removal is filed within 30 days of Defendant being been served with Plaintiff's Original Petition and is therefore timely filed under 28 U.S.C. § 1446(b)(1). *See* Ex. 2. Accordingly, removal to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446.

### IV. CONCLUSION

WHEREFORE, Defendant Marriott International Inc., respectfully requests this action be removed from the 37th Judicial District of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and seeks all such other and further relief

---

[2] *See* https://marriott.gcs-web.com/corporate-overview, accessed 12/24/2020.

to which it may be justly entitled.

Dated December 28, 2020                    Respectfully submitted,

*/s/ Eric L. Vinson*
Eric L. Vinson
Texas Bar No. 24003115
Federal ID No. 22186
evinson@littler.com

LITTLER MENDELSON, PC
100 Congress Avenue, Suite 2126
Austin, Texas  78701
(512) 982-7250 (Telephone)
(512) 982-7248  (Facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On the 28th day of December 2020, I electronically submitted the foregoing document with the Clerk of the Court using the Electronic Case Filing system of the Court. I hereby certify that I have served all parties, as follows:

*Via Electronic Case Filing:*
Joshua H. Sisam
Sisam & Associates LLP
110 Industrial Drive
Boerne, Texas 78006
(830) 428-0333 – Telephone
(830) 331-1027 – Facsimile
josh@sisam.com

**ATTORNEY FOR PLAINTIFF
KATHLEEN LEININGER**

                                                            */s/ Eric L. Vinson*                         
                                                            Eric L. Vinson

4828-3631-8421.1 025237.1032